UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAUL MASTERS,

                Plaintiff,

      v.

F.W. WEBB COMPANY, et al.,

                Defendants.
_____

DECISION & ORDER

03-CV-6280L

**PRELIMINARY STATEMENT**

By order dated August 13, 2003, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 12).

Plaintiff Paul Masters was formerly employed by defendant F.W. Webb Company as a salesperson in its Syracuse branch, where he was responsible for selling industrial piping and plumbing to businesses in the Rochester area. Masters began working for F.W. Webb in 1999, and within that year was diagnosed with bladder cancer. As a result, he missed several months of work and continued to suffer from medical complications after his return. Masters alleges that in March 2002 F.W. Webb unlawfully terminated his employment based upon his age and disability. (Docket # 1). F.W. Webb contests Masters's allegations, maintaining that F.W. Webb decided to eliminate Masters's position as a result of the poor profitability of the Rochester accounts for which he was responsible. (Docket # 76).

1

In October 2005, F.W. Webb supplemented its initial mandatory disclosures under Rule 26(a)(1)(A) in order to identify twelve individuals, the majority of whom were "likely to have knowledge concerning F.W. Webb's treatment of employees in the protected categories."[1] (Docket # 68 at ¶ 33).  This dispute appears to center on seven of the twelve individuals; those seven are current or former employees of F.W. Webb who were in the same protected classes – in terms of age and disability – as Masters.  (*See* Docket ## 96, 100).  According to Masters, he first learned during depositions of these individuals that they did not possess knowledge of Masters's termination, but rather had been identified as witnesses to show that F.W. Webb had not discriminated against them on the basis of their age or disability.

Following those depositions, Masters filed the instant motion, seeking to limit discovery (namely, by precluding any discovery concerning F.W. Webb's treatment of these other employees during the period following Masters's termination) or, alternatively, to extend the deadline for completing fact discovery to permit additional discovery relating to them.  (Docket # 66).  F.W. Webb opposes both aspects of the motion.  (Docket # 75).

At the request of this Court, both parties submitted post-argument supplemental affidavits in an effort to clarify certain questions raised during oral argument.  (Docket ## 96, 100, 102).  In defendants' submission, they requested an additional hearing on the motion (Docket # 100 at ¶ 2); that request is denied because I find that the record is sufficiently clear to resolve the pending motion without the need for additional argument.

---

[1] Some records concerning these individuals, such as various performance records, have apparently been produced during discovery.

**DISCUSSION**

The Federal Rules of Civil Procedure "give district courts broad discretion to manage the manner in which discovery proceeds." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). In requesting that this Court exercise its discretion "to limit discovery," plaintiff cites Rule 26(b)(2), which provides:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it is determined that: (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(iii). That rule is not entirely apposite because the relief that Masters seeks is not actually to limit discovery, but rather to preclude defendants from identifying (and, presumably, offering at trial) any witnesses in the same protected categories as Masters to testify about F.W. Webb's treatment of them during any period outside the period of Masters's employment.[2] Framed this way, Rule 26(c) is the rule that more appropriately reflects the court's discretion to grant the requested relief. That rule permits the court to "<u>make any order which justice requires</u> to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order precluding discovery. Fed. R. Civ. P. 26(c)(1), (4) (emphasis added); *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 69; *see In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139, 145-46 (2d Cir.) (Rule 26(c) imposes

---

[2] To the extent that Masters's motion could be read to seek an order *in limine* precluding defendants from offering any such evidence at trial, such request is denied as premature and is reserved for the district court.

burden upon party seeking protective order to demonstrate good cause for issuance of that order), *cert. denied*, 484 U.S. 953 (1987).

Masters argues that F.W. Webb is now raising a "novel theory of defense" by identifying witnesses who will testify that they were in the same protected categories as Masters, but were not discriminated against because of their age or disability. Such a shifting defense at this late stage of the litigation should not be permitted, Masters asserts. For that reason, he seeks an order preventing defendants from identifying any witnesses to testify about their treatment by Webb that occurred outside the time frame that the parties have agreed was generally applicable to the discovery requests already served in the case – the period of Masters's employment plus ten months. (Docket # 67 at 2). In the alternative, Masters seeks more time to pursue additional discovery relating to the individuals identified. (*Id.*). F.W. Webb counters that its supplemental disclosures do not impermissibly expand the issues raised in this litigation, nor do they give rise to the need for additional discovery.[3] (Docket # 75).

Weighing all considerations in this matter, I find that a protective order is unwarranted. Evidence of F.W. Webb's treatment of similarly-situated employees is clearly relevant to Masters's claims and F.W. Webb's defenses; the fact that the treatment may not be chronologically co-extensive with Masters's employment – most would apparently testify about events in the first three to four years following Masters's termination – does not shield it from discovery. *See* Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

---

[3] F.W. Webb asserts that all of the witnesses identified in the supplemental disclosures have been deposed and that relevant information concerning their employment with F.W. Webb has been turned over. (Docket # 75 at 4). While Masters concedes that he has received some records pertaining to some of the witnesses, other discoverable material has not yet been provided. (Docket ## 89, 96).

(1978) (scope of discovery under Rule 26 is sufficiently broad "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case") (citation omitted).  In a case such as this alleging unlawful discrimination, evidence of the intent and motive of the decision-makers is plainly relevant; furthermore, that intent and motive may be inferred from evidence of their treatment of others within the same protected categories as the plaintiff.  *See, e.g., International Bhd. of Teamsters v. United States*, 431 U.S. 324, 335-36, n.15 (1977) (proof of discriminatory motive "can in some situations be inferred from the mere fact of differences in treatment"); *Schwabenbauer v. Board of Educ. of City Sch. Dist. of City of Olean,* 667 F.2d 305, 309 (2d Cir. 1981); *see also Ansell v. Green Acres Contracting Co., Inc.*, 347 F.3d 515, 524 (3d Cir. 2003) ("[w]hile not conclusive, an employer's favorable treatment of other members of a protected class can create an inference that the employer lacks discriminatory intent").

    I disagree with Masters's contention that F.W. Webb is seeking belatedly to introduce a novel defensive theory.  Masters's counsel is abundantly experienced in employment litigation, a substantial portion of which has been conducted before this Court.  By raising a claim that F.W. Webb has engaged in discriminatory conduct by terminating Masters on the basis of his age and disability, counsel surely anticipated that F.W. Webb would seek to develop and introduce evidence to demonstrate that similarly-situated employees were not subject to discriminatory treatment.  Such a defense is hardly unique or surprising and, in my view, does not represent an impermissible or untimely expansion of the issues in this case justifying the imposition of a protective order.

I do find, however, that the scope of F.W. Webb's supplemental disclosures warrants an extension of the discovery deadline for an additional sixty days beyond the date of this Decision and Order. I agree with Masters that he is entitled to further discovery as to the individuals identified, specifically, information pertaining to their age or type of disability, as well as their employment history with F.W. Webb. Any disputes concerning the scope of such additional discovery should be discussed between the parties in a good faith attempt to resolve them; if those efforts are unsuccessful, any such disputes may be raised with this Court.

## CONCLUSION

For the foregoing reasons, it is my Decision and Order that plaintiff's motion to limit discovery or, in the alternative, to extend the deadline for discovery (**Docket # 66**) is **GRANTED IN PART and DENIED IN PART**. The motion to limit discovery is denied; the motion to extend the deadline is granted. All factual discovery shall be completed by no later than sixty days from the date of this opinion.

**IT IS SO ORDERED.**

                                             *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
        September   11  , 2006.